IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LAURA MAYNARD and
JONATHAN ROY,

           Plaintiffs,

v.                                         CIVIL ACTION NO.  3:21-0623

PRO TRANSPORT & LEASING, INC.,
JASON REVELS,
REINKE MANUFACTURING COMPANY, and
JOHN DOE DRIVER,

           Defendants.

### MEMORANDUM OPINON AND ORDER

Pending before the Court is Plaintiffs' Motion to Remand. ECF No. 7. For the following reasons, this Motion is **GRANTED**.

### DISCUSSION

Plaintiffs filed their Complaint against Defendants in the Circuit Court of Cabell County on October 26, 2021. *Pls.' Compl.*, ECF No. 1-1. Defendants were served through the West Virginia Secretary of State on or around November 1, 2021. *Id.* at 11, 13, 15. Plaintiffs' claims relate to a vehicle collision which occurred on November 6, 2019. *See Pls.' Compl.*, ECF No. 1-1.

Defendants Pro Transport & Leasing, Inc. and Jason Revels removed the case to this Court on December 1, 2021, alleging diversity jurisdiction under 28 U.S.C. § 1332. *Notice of Removal*, ECF No. 1 ¶ 13. In its Notice of Removal, these Defendants acknowledged that they attempted to seek the consent of Defendant Reinke Manufacturing Co., Inc. (Reinke), but were unable to make contact and receive consent. *Id.* ¶ 16.

On December 7, 2021, Defendant Reinke filed an Answer to Plaintiffs' Complaint in the Circuit Court of Cabell County. *See* ECF No. 7-1. This Answer was served on Defendants Pro Transport & Leasing, Inc. and Jason Revels.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Removal here is predicated on 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between [c]itizens of different States."

Further, this removal action involves more than one defendant. When an action involving multiple joined defendants is removed from a State court, and the district court would have had original jurisdiction, all defendants "must join in or consent to the removal." *Id.* § 1446(b)(2)(A). Each defendant has thirty days after being served to file notice of removal. *Id.* § 1446(b)(2)(B); *Lloyd v. Cabell Huntington Hosp., Inc.*, 58 F. Supp. 2d 694, 697 (S.D.W. Va. 1999). This is referred to as the "rule of unanimity." *Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 741 (4th Cir. 2013) ([T]he Supreme Court has construed the statute to include a "unanimity requirement," such that all defendants must consent to removal." (citing *Lapides v. Bd. Of Regents of Univ. Sys. Of Ga.*, 535 U.S. 613, 620 (2002)). Allowing a single party to bind the position of other parties "without their express consent to be bound would have serious adverse repercussions not only in removal situations but in any incident of litigation." *Dorsey v. Borg-Warner Auto., Inc.*, 218 F. Supp. 2d 817, 820 (S.D.W. Va. 2002) (quoting *Mason v. Int'l Bus. Machs., Inc.*, 543 F. Supp. 444 (M.D.N.C. 1982)).

There are few exceptions to the rule of unanimity. "A defendant need not join a removal notice if: '(1) it had not been served with process at the time the removal petition was filed; (2) it is merely a nominal or formal party defendant; or (3) the removed claim is independent of one or more nonremovable claims against the nonjoining defendants.'" *Fischer v. SWVA, Inc.*, No. 3:08-0032, 2008 WL 11429482, *3 (S.D.W. Va. May 21, 2008) (citing *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 508 n.4 (E.D. Va. 1992)). Fraudulently joined party have also been excepted from this rule. *Id.* And ultimately, in considering a motion to remand, federal courts must strictly construe removal statutes in favor of state court jurisdiction. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir. 2008).

Here, Defendants Pro Transport & Leasing, Inc. and Jason Revels argue that the rule of unanimity is not a matter of jurisdiction, but rather, is a matter of procedure. *See Branch Banking & Trust Co. v. ServisFirst Bank*, No. 2:19-cv-00366, 2019 WL 7165980, *5 (S.D.W. Va. Dec. 20, 2019). Relying on Judge Copenhaver's reasoning, Defendants argue that an exception to the rule of unanimity applies here. *See id.* (explaining how parties that lack an immediate stake in the litigation, or parties that were unserved or unknown at the time of removal, need not be joined in the removal). Defendants also point out to the Court that, while counsel for Defendant Reinke could not be located at the time of removal, such counsel has now been located and consents to this removal. *See Consent to Removal*, ECF No. 10-1.

However, the exceptions to the rule of unanimity seem inapplicable to the case before the Court. Defendant Reinke was clearly a served and known party at the time of removal, as the summons attached to Defendants Pro Transport & Leasing, Inc. and Jason Revels' Notice of Removal indicates that Defendant Reinke was served with the summons and complaint on November 1, 2021. ECF No. 1-1, at 15. Additionally, Defendant Reinke faces potential liability

for Plaintiff's injuries, being the employer of the driver whom Plaintiffs allege initiated the vehicle accident on November 6, 2019. *See Pls.' Compl.*, ECF No. 1-1. Thus, Reinke is not merely a "nominal or formal" party defendant; Reinke has an actual stake in this litigation. And, Plaintiffs have only one claim against all Defendants—negligence; therefore, there is no claim that can be removed independently from other claims against the nonjoining Defendant.

Further, Plaintiffs timely raised their objection, noting the defect in the removal procedure. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)); *see Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006) ("[A] plaintiff who fails to make a timely objection waives the objection."). Plaintiffs here filed their Motion to Remand (ECF No. 7) raising this defect in the removal procedure on December 20, 2021, well within the thirty-days after the filing of the December 1, 2021, Notice of Removal (ECF No. 1).

Despite the fact that Defendant Reinke subsequently consented to the removal of this action, it is undisputed that this consent was given on January 4, 2022 (*Consent to Removal*, ECF No. 10-1)—far beyond the thirty-day window when such consent for removal was required. *See McClung v. ECP Inc.*, No. 3:18-1453, 2019 WL 456237, at *1–*2 (S.D.W. Va. Feb. 5, 2019) (remanding an action when one defendant removed the action without the consent of both defendants within the thirty-day window, even when the nonconsenting defendant subsequently indicated their consent after the thirty-day period).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is **GRANTED**. ECF No. 7. The Court **REMANDS** the case to the Circuit Court of Cabell County, West Virginia and **ORDERS** the case to be removed from the docket.

ENTER: February 1, 2022

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE